# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL, | Case No. 1:13-cv-02073-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| J. BRIMAGE, et al., | (Doc. 12) |
| Defendants. | |

## Second Screening Order

### I. Procedural History

Plaintiff Glenn David O'Neal, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 23, 2013. On May 21, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on June 16, 2014.

### II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),

(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, brings this action against Correctional Counselor J. Brimage, Facility Captain J. Lundy, and Chief Deputy Warden D. Zanchi for violating his constitutional rights while he was at California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff alleges that on or around March 21, 2012, he was physically attacked by his cellmate, Sone Finister. Plaintiff reported the attack, and he was moved to another cell by Officers Duncan and Howell.

1    Plaintiff alleges he sought protection through the appeals process, requesting that his
2 appeal outlining his safety concerns be granted so he and Finister could be documented as
3 enemies, which would prevent them from being housed on the same yard together. Plaintiff's
4 appeal was denied by Defendants, and he alleges the denial allowed he and Finister to come in
5 contact with one another at another prison, where Finister assaulted him a second time.

6    **B.    Eighth Amendment Failure-to-Protect Claim**

7    The Eighth Amendment protects prisoners from inhumane methods of punishment and
8 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
9 2006). Although prison conditions may be restrictive and harsh, prison officials must provide
10 prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v.
11 Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).
12 Prison officials have a duty to take reasonable steps to protect inmates from physical abuse,
13 *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure
14 of prison officials to protect inmates from attacks by other inmates may rise to the level of an
15 Eighth Amendment violation where prison officials know of and disregard a substantial risk of
16 serious harm to the plaintiff, *e.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

17    Plaintiff's allegations do not support a claim that Defendants Brimage, Lundy, and Zanchi
18 failed to protect him from inmate Finister. The prison's inmate appeals process does not create
19 any substantive rights, and the denial of Plaintiff's administrative appeal provides no basis for
20 liability against Defendants under the circumstances alleged. *See Peralta v. Dillard*, 744 F.3d
21 1076, 1086-87 (9th Cir. 2014); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Ramirez v.
22 Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Defendants cannot be held liable for the first attack on
23 Plaintiff at CCI, which necessarily occurred before their review of his appeal grieving the attack;
24 and there is simply no plausible basis to hold Defendants liable for Plaintiff's subsequent
25 conditions of confinement at High Desert State Prison ("HDSP"). While prison officials may not
26 act with deliberate indifference toward inmate safety, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d
27 at 1040, it is prison officials at HDSP who are responsible for conditions at that prison and
28 Plaintiff alleges no facts demonstrating a causal connection between the administrative denial of

Plaintiff's inmate appeal at CCI and the subsequent attack on him by Finister at HDSP, *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013). To the contrary, Plaintiff's allegations in a separate action belie the existence of a causal connection between the resolution of his appeal at CCI and what occurred at HDSP.[1]

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state a claim for violation of the Eighth Amendment. Plaintiff was previously given leave to amend to cure the deficiencies but he was unable to do so, and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983;
2. The Clerk's Office shall enter judgment; and
3. The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **February 19, 2015**         **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of *O'Neal v. Peterson*, 2:13-cv-01054-KJN, in which Plaintiff is pursuing an Eighth Amendment claim against HDSP staff. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Plaintiff alleges that on October 24, 2012, he warned them he had been previously attacked by Finister at CCI, but they failed to properly document his safety concerns and Finister attacked him on February 21, 2013.

4